978 So.2d 223 (2008)
Shane JENNINGS, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 2D06-4050.
District Court of Appeal of Florida, Second District.
April 2, 2008.
*224 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant/Cross-Appellee.
Bill McCollum, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee/Cross-Appellant.
SALCINES, Judge.
Shane Jennings was found by a jury to be guilty of felony battery and was sentenced to five years' imprisonment as a prison releasee reoffender. In the appeal of his conviction, Jennings claims the trial court erred when it denied his motion for new counsel. We find no merit in Jennings' argument and affirm his conviction without further comment.[1] However, we agree with Jennings' assertion that he was improperly sentenced as a prison releasee reoffender (PRR) and reverse and remand for resentencing.
The State is required to establish by a preponderance of the evidence that a defendant qualifies for treatment as a PRR. § 775.082(9)(a)(3), Fla. Stat. (2005). At sentencing, Jennings and his attorney both challenged the State's allegation that he met the requirements for PRR sentencing. In response, the prosecutor stated, "Your Honor, you've reviewed the PRR packet." However, the referenced "PRR packet" is not contained in the record before this court. Further, no testimony or evidence was presented by any Department of Corrections representative to prove the date Jennings last was released from prison.[2]
This issue was preserved for appeal through the filing of a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error. Jennings claimed the State failed to provide proof of the existence of the requisite prior conviction and the date he last was released from prison in order to demonstrate that he qualified for treatment as a PRR under the provisions of section 775.082(9).[3]
In the order denying the rule 3.800(b)(2) motion, the trial court noted that in order to qualify for sentencing as a PRR a defendant must have committed the current offense within three years of being released from prison for a prior felony offense. It stated that Jennings last was released from prison on April 25, 2003, for a felony conviction in Hernando County *225 and the present battery offense was committed on November 11, 2005. The trial court found that Jennings was qualified for a PRR sentence.
In support of the denial of Jennings' motion, the trial court referenced "Exhibit C: DOC Custody Screen." Attached to the order was a printout of Jennings' "Inmate Population Information Detail" from the Florida Department of Corrections internet website.[4] This printout indicated that on April 9, 2002, Jennings was sentenced for sale/manufacturing/delivery of cocaine and he was released from prison on April 25, 2003. The trial court did not reference any other documents in the record.
We hold that the Department of Corrections printout relied upon by the trial court without any other documentation admitted into evidence at the sentencing hearing was insufficient to support the PRR sentence. The record before this court does not demonstrate that the State proved by a preponderance of the evidence that Jennings qualified for sentencing as a prison releasee reoffender. Accordingly, we reverse the sentence and remand for resentencing.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and KELLY, JJ., Concur.
NOTES
[1] In its cross-appeal, the State argued the trial court abused its discretion when it denied the State's motion to suppress and motion in limine. The cross-appeal is rendered moot by our affirmance of Jennings' conviction.
[2] We note that the supreme court recently held in Yisrael v. State, 33 Fla. L. Weekly S131, 132, ___ So.2d ___, ___, 2008 WL 450398 (Fla. Feb. 21, 2008), that "when the State provides a Crime and Time Report, and properly authenticates the report by attaching a signed and sealed release-date letter, the combined document is admissible as a public record" to establish a defendant's eligibility for an enhanced sentence. The record before this court does not contain a "Crime and Time Report" or release letter.
[3] The statute defines "prison releasee reoffender" as any defendant who commits, or attempts to commit certain enumerated felonies including

[a]ny felony that involves the use or threat of physical force or violence against an individual . . . within 3 years after being released from a state correctional facility operated by the Department of Corrections . . . following incarceration for an offense for which the sentence is punishable by more than 1 year in this state.
[4] http://www.dc.state.fl.us/activeinmates/search.asp